IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>MARSHALL MIKELS,<br><br>    Defendant.<br>_____/ | No. C 12-47 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND AWARDING PLAINTIFF FEES AND COSTS<br>(Docket No. 4) |

Plaintiff U.S. Bank National Association, as Trustee, on behalf of the Holders of the Adjustable Rate Mortgage Trust 2007-3 Adjustable Rate Mortgage Backed Pass Through Certificate, Series 2007-3, moves to remand this case to the San Mateo Superior Court. Defendant Marshall Mikels opposes Plaintiff's motion. The Court takes Plaintiff's motion to remand under submission on the papers. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand.

BACKGROUND

Plaintiff filed this action in San Mateo Superior Court on January 21, 2011, asserting a single cause of action for unlawful detainer against Defendant. Request for Judicial Notice (RJN) ¶ 2, Ex. 2 (Compl.), U.S. Bank National Association v. Mikels, Case No. 11-4687 (N.D. Cal.) (Mikels I), Docket No. 5-1.[1] Plaintiff seeks to recover possession of property following a

---

[1] Because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," the Court takes judicial notice of certain documents filed in Mikels I.

non-judicial foreclosure sale of that property to Plaintiff on August 6, 2010. Compl. ¶¶ 3, 5. Defendant was served with the complaint on April 4, 2011. RJN, Ex. 5, Mikels I.

Defendant first removed this action to federal court on September 21, 2011. See Notice of Removal, Mikels I, Docket No. 1. On November 7, 2011, this Court found that it lacked subject matter jurisdiction over the case and remanded the case to state court. Order Granting Mot. to Remand, Mikels I, Docket No. 21.

On January 4, 2012, the San Mateo Superior Court issued a tentative ruling granting Plaintiff's motion for summary judgment. Mikels Decl., Ex. 4. On the same day, Defendant filed a new federal action against multiple defendants, including Plaintiff in the instant case, U.S. National Association. See Mikels v. Estep, Case No. 12-56 (N.D. Cal.). On that day, Defendant again removed the current action to federal court. In his notice of removal in the present case, Defendant states that he seeks removal of this action to allow consolidation of it with his newly-filed federal case. Notice of Removal ¶¶ 3-6.

DISCUSSION

I.  Plaintiff's Motion to Remand

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus

2

v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.  Courts should resolve doubts as to removability in favor of remanding the case to state court.  Id.

This Court has already held that it lacks subject matter jurisdiction over this case.  Order Granting Mot. to Remand, Mikels I, 3 (finding no federal question or diversity jurisdiction).  Defendant now asserts that the Court may nonetheless exercise jurisdiction over this action in order to consolidate it with Mikels v. Estep, Case No. 12-56.

Rule 42 provides, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  However, "Rule 42 only applies to cases that are properly before the same court," and does not confer subject matter jurisdiction over cases that are not properly in federal court.  Oregon Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972).  See also U.S. Bank Nat'l Ass'n v. Tyler, 2010 U.S. Dist. LEXIS 130228, at *4-5 (N.D. Cal.) ("the court must consider whether it has subject matter jurisdiction over the removed unlawful detainer action before it can consider whether the action should be consolidated with the related wrongful foreclosure action").  Thus, because the Court lacks subject matter jurisdiction to hear the unlawful detainer action, it may not consolidate the case with Mikels v. Estep and may not exercise jurisdiction over the case in order to do so.

Accordingly, Plaintiff's motion to remand is GRANTED.

3

## II. Plaintiff's Request for Costs and Fees in Connection with the Motion to Remand

Plaintiff requests an award of reasonable fees and costs that it has incurred as a result of Defendant's second removal of this action.

28 U.S.C. § 1447(c) permits the court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In determining whether to order such an award, the court must assess whether removal was "wrong as a matter of law." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, it is clear that there was no objectively reasonable basis for removal. Although Defendant is proceeding pro se, this Court has already granted a motion to remand once previously in this case. Further, the Court notes that Defendant waited until the day before the state court was to hold a hearing on Plaintiff's motion for summary judgment to remove this action to federal court for a second time. Thus, it is evident that Defendant removed the action solely to delay Plaintiff's recovery of its own property. Accordingly, the Court GRANTS Plaintiff's request for an award of reasonable fees and costs.

Plaintiff has requested $2,300 in fees and costs. Mot. to Remand 6. Plaintiff's counsel has submitted a declaration stating that he expended eight hours preparing Plaintiff's motion to remand and that his billing rate is $200 per hour. Zak Decl. ¶ 3.

4

However, Plaintiff's counsel states that he included in this estimate the amount of time that he spent reviewing the first notice of removal.  Further, the instant motion to remand is largely recycled from the motion to remand Plaintiff filed in Mikels I.  Accordingly, the Court reduces the number of hours by 2.7 hours, the number of hours that Plaintiff's counsel appears to have spent preparing the first motion to remand.  See Arlas Decl. ¶ 5, Mikels I, Docket No. 5.  Because the motion to remand was decided on the papers and no hearing was held, the Court declines to include the amount requested for fees anticipated to be incurred in connection with attending a hearing.  Thus, the Court grants Plaintiff $1,060 in attorneys' fees.

CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand (Docket No. 4).  The Court also AWARDS Plaintiff $ 1,060, to be paid by Defendant to Plaintiff within twenty days of the date of this Order.

The Clerk shall remand this action to San Mateo Superior Court and close the file.  Defendant shall not attempt to remove this case in the future.

IT IS SO ORDERED.

Dated: 2/15/2012

PHYLLIS J. HAMILTON
United States District Judge